IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MILDRED DELORIS OWENS,**

    *Plaintiff*,

    v.                                Case No. 1:23-cv-01623-JRR

**MARTIN O'MALLEY, Social Security Administration Commissioner,**

    *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's Request for Leave of Court to File a Motion to Amend[1] (ECF No. 23; "the Motion") and Defendant's opposition to same. The court has read the parties' papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

On June 16, 2023, Plaintiff filed the Complaint. (ECF No. 1.) On June 23, 2023, Plaintiff filed an Amended Complaint, adding several Defendants. (ECF No. 3.) On February 9, 2024, Defendant Martin O'Malley filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. (ECF No. 14.) On March 14, 2024, the court issued a show cause order requiring Plaintiff to show cause why service of process had not been effectuated on all Defendants. (ECF No. 18.) On March 20, 2024, Plaintiff filed her response to the show cause order and stated that she did not file proof of service against any of the named Defendants except the Social Security Administration Commissioner because she did not intend to bring suit against anyone else. (ECF No. 20 at 1-2.) Plaintiff stated that that she attempted to cure her mistake by filing a second amended complaint, but that it was rejected because she failed to seek leave from

---

[1] As set forth in the court's order at ECF No. 24, the court construes the Motion as a motion for leave of court to file a second amended complaint pursuant to Rule 15(a)(2).

the court. *Id.* at 2.  Based on Plaintiff's representations that she does not seek to pursue this civil action against the unserved Defendants, the court dismissed the Amended Complaint without prejudice as against the unserved Defendants.  (ECF No. 21.)  In sum, the case is proceeding only as to Defendant Martin O'Malley, Social Security Administration Commissioner.

On May 20, 2024, Plaintiff filed the Motion, which clarifies the counts.  (ECF No. 23.) Defendant argues that the Motion should be denied because it is futile.  (ECF No. 25 at 1.)

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its complaint once as a matter of course." FED. R. CIV. P. 15(a).  Once the defendant files a responsive pleading, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.*  Rule 15(a) counsels that '[t]he court should freely give leave when justice so requires." *Id.*  "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)).  Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); see *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15").

Defendant does not contend that the proposed amendments are prejudicial or were made in bad faith; rather, Defendant argues Plaintiff's proposed amendments should be disallowed on grounds of futility. (ECF No. 25 at 2.)  Specifically, Defendant contends that "Plaintiff's proposed second amended complaint does not include sufficient allegations to defeat Defendant's motion." *Id.* at 1.

In considering whether an amendment is futile, leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Further, "[a] review for futility is not equivalent to an evaluation of the underlying merits of the case." *Next Generation Group, LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Id.* (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911, 1141 (1980)).

The court in *Lavin v. Safeco Insurance Company of America* succinctly explained:

> As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)). . . .
>
> Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):
>
>> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

3

> *Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).
>
> Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).
>
> That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510 (emphasis added), and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729.

Case No. 22-cv-1788, 2022 WL 17342051, at *1–2 (D. Md. Nov. 30, 2022).

The instant case is still in the early stages of litigation—no scheduling order has been issued; no discovery has occurred. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (explaining that "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing"). The proposed amendments survive Rule 15, as the amendments do not prejudice any party, the case is in its nascent stage, the amendments are not clearly insufficient or frivolous on their face, and Plaintiff has not acted in bad faith. Moreover,

4

Defendant's futility arguments are heavily rooted in the sufficiency and nature of the allegations; therefore, these defenses are better aired and evaluated by way of a 12(b)(6) motion. *See Lavin*, 2022 WL 17342051, at *2 (noting that while the procedure was lacking in efficiency, "the cleanest record will be produced by permitting Plaintiff's Second Amended Complaint to be filed, then allowing Safeco to re-file its arguments in favor dismissal, if it so chooses, for this [c]ourt's substantive consideration under Rule 12(b)(6) standard") *Id.*

For the reasons set forth herein, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 23) shall be, and is hereby, **GRANTED;** the Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment at ECF No. 14 shall be, and is hereby, **DENIED AS MOOT**. Madam Clerk is directed to docket the Second Amended Complaint. (ECF No. 23-2.)

/s/

July 18, 2024

_____
Julie R. Rubin
United States District Judge