IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MILDRED DELORIS OWENS,

     *Plaintiff*,

     v.

MARTIN O' MALLEY,

     *Defendant*.

Case No. 1:23-CV-01623-JRR

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendant Martin O'Malley's Motion to Dismiss the Second Amended Complaint for Failure to State a Claim or, in the Alternative, for Summary Judgment (ECF No. 30) and Plaintiff Mildred Deloris Owens' Motion for Third Amended Complaint (ECF No. 38; the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's Motion (ECF No. 38) will be granted and Defendant's Motion to Dismiss (ECF No. 30) will be denied as moot.

On June 16, 2023, Plaintiff filed the Complaint. (ECF No. 1.) On June 23, 2023, Plaintiff filed an Amended Complaint, adding several Defendants. (ECF No. 3.) On February 9, 2024, Defendant Martin O'Malley filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. (ECF No. 14.) On March 14, 2024, the court issued a show cause order requiring Plaintiff to show cause why service of process had not been effectuated on all Defendants. (ECF No. 18.) On March 20, 2024, Plaintiff filed her response to the show cause order and stated that she did not file proof of service against any of the named Defendants except the Social Security Administration Commissioner because she did not intend to bring suit against anyone except the agency. (ECF No. 20 at 1-2.) Plaintiff stated that that she attempted to cure her mistake by filing a second amended complaint, but that it was rejected because she failed to seek

leave from the court.  *Id.* at 2.  Based on Plaintiff's representations that she does not seek to pursue this civil action against the unserved defendants, the court dismissed the Amended Complaint without prejudice as against the unserved defendants, and the case proceeded only as to Defendant Martin O'Malley, Social Security Administration Commissioner.  (ECF No. 21.)

On May 20, 2024, Plaintiff filed a "Motion for Leave to File a Motion to Amend" (ECF No. 23), which the court construed as a motion for leave of court to file an amended complaint (ECF No. 24).  Defendant opposed the requested leave to amend as futile.  (ECF No. 25 at 1.) Finding that the proposed second amended complaint was not futile or frivolous on its face, the court granted Plaintiff's motion and docketed the second amended complaint.  (ECF No. 28.) Thereafter, Defendant filed the instant Motion to Dismiss (ECF No. 30), which Plaintiff opposes (ECF No. 35).  On October 23, 2024, Plaintiff filed the Motion seeking leave to amend the complaint a third time.  (ECF No. 38.)  Defendant did not respond to the Motion.

In the proposed Third Amended Complaint, Plaintiff seeks to add one alleged violation of Title VII.[1]  (ECF No. 38 at p. 1.)  She proposes to add the following:

> Between October 5, 2018 (when Plaintiff was reassigned to the Office of Dissemination, reporting to Margaret Jones) and June 2020 (when she retired), her duties as Management and Program Analyst were eroded, some of which were transferred to other younger, White Caucasian co-workers.

(ECF No. 38-1 at p. 5.)

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a

---

[1] Plaintiff additionally "withdraws the claim regarding involuntary reassignment (to the Office of Dissemination under Margaret Jones supervision)" (ECF No. 38 at p. 1) however she does not indicate where in the proposed amended complaint this change is made, nor is this court able to independently determine where such a claim was removed.

2

motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." *Id*. "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509; see *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15").

Defendant has not responded to the Motion and therefore has not alleged that the proposed amended complaint is futile, prejudicial, or sought in bad faith. The instant case is still in the early stages of litigation—no scheduling order has been issued; no discovery has occurred. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (explaining that "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."). In some circumstances, this court disfavors a pattern of amending; for example, when such amendment is done to avoid a dispositive motion. *See Daulatzai v. Maryland*, 606 F. Supp. 3d 252, 265 (D. Md. 2022), *aff'd*, 97 F.4th 166 (4th Cir. 2024) (affirming denial of leave to amend where plaintiff's repeated amendments had "not been a good-faith effort to crystallize and pursue viable claims."); *Frazier v. LVNV Funding, LLC*, No. CV JKB-21-2936, 2023 WL 3168350, at *5 (D. Md. Apr. 28,

2023) (noting courts' disfavor for motions to amend brought for the purposes of circumventing dispositive motions). Here, however, *pro se* Plaintiff Owens seeks to amend to clarify earlier-made factual allegations regarding a cognizable claim for relief. (ECF No. 38 at p. 4.) In view of the Fourth Circuit's mandate to "liberally allow amendment" in furtherance of "a wider federal policy of—when possible—resolving cases on the merits," Plaintiff may amend her complaint for a third time. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022); s*ee Lavin*, 2022 WL 17342051, at *2 (noting that while the procedure was lacking in efficiency, "the cleanest record will be produced by permitting Plaintiff's Second Amended Complaint to be filed, then allowing Safeco to re-file its arguments in favor dismissal, if it so chooses, for this [c]ourt's substantive consideration under Rule 12(b)(6) standard").

For the reasons set forth herein, Plaintiff's Motion for Third Amended Complaint (ECF No. 38) shall be, and is hereby, **GRANTED;** the Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment (ECF No. 30) shall be, and is hereby, **DENIED AS MOOT**. Madam Clerk is directed to docket the Third Amended Complaint. (ECF No. 38-1.)

January 27, 2025                                    ___/S/_____

                                                    Julie R. Rubin
                                                    United States District Judge