IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MILDRED DELORIS OWENS,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:23-cv-01623-JRR |
| **FRANK BISIGNANO,**[1] **Commissioner, Social Security Administration,** | |
| *Defendant*. | |

## MEMORANDUM OPINION

Pending before the court is Defendant's Motion to Dismiss the Third Amended Complaint for Failure to State a Claim, or, in the alternative, for Summary Judgment. (ECF No. 41, the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Motion will be granted.

## I.   BACKGROUND[2]

*Pro se* Plaintiff Mildred Owns began working as a Social Insurance Specialist for the Social Security Administration on November 16, 2025. (ECF No. 40, Third Amended Complaint ¶ 9.) On October 5, 2018, Plaintiff was "involuntarily reassigned" from the Office of the Associate Commissioner to the Office of Dissemination. *Id*. ¶ 12.[3]  In Plaintiff's new role, Margaret Jones, Director of the Office of Dissemination, served as Plaintiff's supervisor. *Id*.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Madam Clerk shall substitute Commissioner Frank Bisignano for former Acting Commissioner Lee Dudek as Defendant.
[2] For purposes of resolving the Motion to Dismiss, the court accepts as true all well-pled facts set forth in the Third Amended Complaint. (ECF No. 40.) *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).
[3] Plaintiff specifies that she "is not claiming reassignment (that occurred in October 2018 as result of reorganization) as discriminatory act . . . ." (ECF No. 43 at p. 2.)

Plaintiff alleges the following four instances of sex, age, and race-based discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*):[4]

First, on October 28, 2019, Ms. Jones issued a rating of three on Plaintiff's annual performance evaluation "without prior warning or notice of any performance deficiency or counseling," "without sufficient evidence or explanation," and without providing Plaintiff "appropriate or sufficient opportunity to review the appraisal when it was issued." (ECF No. 40, Third Amended Complaint ¶ 8(a).) Plaintiff alleges four comparators (described as "similarly situated individuals") received higher rankings: Jessie Dalrymple (a white woman of less than 60 years of age; Dissemination Visual Information Specialist), Patricia Martin (a white woman of less than 60 years of age; Social Science Research Analyst), Ben Pitkin (a white man of less than 60 years of age; Print Specialist), Wanda Sivak (a white woman of less than 60 years of age; Dissemination Print Production Specialist), and David Timmons (a white man of less than 60 years of age; Management Analyst). *Id*.

Second, also on October 28, 2019, Ms. Jones placed Plaintiff on an Opportunity to Perform Plan "without sufficient evidence of allegedly deficient performance or prior warning and in violation of Defendant's Personnel Policy Manual." *Id*. ¶ 8(b).

Third, also on October 28, Ms. Jones refused to approve a leave request Plaintiff submitted in August 2019 for the period October 28 through November 1, 2019. *Id*. ¶ 8(c). Ms. Jones required Plaintiff to re-submit the leave request for a different time period. *Id*. Plaintiff, however,

---

[4] In the Motion, Defendant addresses additional potential grounds for Plaintiff's discrimination claims including the reorganization or passing mentions of harassment. (ECF No. 41 at pp. 9–12.) Plaintiff specifies both in the Complaint and response to the Motion that her discrimination claim arises from only the following four events: the performance review, the Opportunity to Perform plan, the temporarily denied leave request, and the erosion of her duties over the two years before her retirement. (ECF No. 40 at pp. 3–5; ECF No. 43 at p. 2.) Accordingly, the court addresses only those four events and will not construe background or passing mentions of other events made elsewhere in the Complaint in support of Plaintiff's claim. *See Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (the court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented).

admits, that her original leave request was later approved and that she took leave during her originally requested dates. (ECF No. 40, Third Amended Complaint ¶ 8(c).) Plaintiff alleges that the same four similarly situated employees had leave requests that were not "interfered with" in the same manner. *Id.*

Fourth, and finally, Plaintiff alleges that between her reassignment to the Office of Dissemination in October 2018 and her June 2020 retirement, her duties as a Management and Program Analyst "were eroded" and some duties were transferred to younger, white co-workers. *Id.* ¶ 8(d).

Plaintiff alleges that as of June 1, 2020, the following individuals reported to Ms. Jones: Nick Love, Theresa Ferree, and David Rogofsky. *Id.* ¶ 16. Notably, while Plaintiff sets forth the race, gender, and job title, of each of her four comparators listed above, as well as the fact that each is "younger than age 60," Plaintiff does not present factual allegations regarding their respective supervisors or job descriptions or duties.

Between October 2019 and June 2020, Plaintiff reported the alleged instances of discrimination to other Office of Research, Evaluation and Statistics ("ORES") employees including Samuel Foster, ORES Data Statistics Director; Mark Sinofsky, ORES Senior Advisor; Katherine Bent, ORES Acting Associate Commissioner; and Natalie Lu, ORES Acting Deputy Associate Commissioner. *Id.* ¶¶ 17, 19. On March 20, 2020, Plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 25.

Plaintiff initiated the instant action on June 16, 2023 (ECF No. 1), and filed an Amended Complaint a week later (ECF No. 3). Defendant moved to dismiss the Amended Complaint (ECF No. 14), and Plaintiff sought leave to amend her Complaint a second time (ECF No. 23). The court granted leave to file a Second Amended Complaint (ECF No. 28), and Defendant again

moved to dismiss (ECF No. 30).  Again, Plaintiff sought leave to amend the operative complaint (ECF No. 37), and again, the court allowed Plaintiff to amend (ECF No. 39).  Defendant moved to dismiss the operative Third Amended Complaint on February 7, 2025.  (ECF No. 41.)  Plaintiff responded to the Motion on March 5, 2025.  (ECF No. 43.)

## II.     LEGAL STANDARD

According to the title of the Motion, Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56.  "A motion with this caption implicates the court's discretion under FED. R. CIV. P. 12(d)."  *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022).  Federal Rule of Civil Procedure 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).  "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion."  *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 WL 5335477, at *3 (D. Md. Sept. 22, 2016) (citations omitted).

"There are two requirements for a proper Rule 12(d) conversion."  *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013).  "First, all parties must 'be given some indication by the court that it is treating the Rule 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'"  *Snyder,* 2022 WL 980395, at *4 (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)).  Second, the parties must first "be afforded a reasonable opportunity for discovery."  *Gay*, 761 F.2d at 177.

Here, Defendant asks the court to consider the administrative record of Plaintiff's complaint of discrimination to the EEOC. (ECF No. 41 at p. 7.) Defendant proceeds to cite to portions of a hearing before an EEOC Administrative Judge ("AJ") concerning the timing and circumstances of Plaintiff's reassignment (*id.* at 9, 10), as well as the AJ's determination that Plaintiff's performance evaluation rating was not related to her protected class (*id.* at 15). Because Plaintiff specifies in her response to the Motion that she does not allege the reassignment constituted discrimination in violation of Title VII and because the court otherwise deems it unnecessary to consider the administrative record, it declines to convert the Motion to a motion for summary judgment.

In declining to convert the Motion, the court is mindful of the Fourth Circuit's mandate that "courts in this Circuit refuse to consider [a motion for summary judgment] where the nonmoving party has not had an opportunity to obtain evidence necessary to support its position." *Boyle v. Azzari*, 107 F.4th 298, 301–302 (4th Cir. 2024). Here, despite the lengthy history of this case, and the numerous amended complaints, the parties have yet to engage in discovery. Accordingly, the court declines to convert the motion to one for summary judgment. Instead, per Rule 12(b)(6), the court will "focus [its] inquiry on the sufficiency of the facts relied upon by the plaintiffs in the complaint." *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the

5

plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III.   ANALYSIS

As an initial matter, the court is ever mindful that pro se filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various

formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Plaintiff alleges "discrimination in violation of Title VII Civil Rights Act of 1964." (ECF No. 40 at p. 3.) Pursuant to Title VII, "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). "Title VII forbids [] employment practices that discriminate against an employee on the basis of" the aforementioned protected classes, per 42 U.S.C. § 2000e-2. *Strothers v. City of Laurel*, 895 F.3d 317, 326–27 (4th Cir. 2018).

For a discrimination, or disparate treatment, claim, a plaintiff may establish liability under Title VII by "(1) 'demonstrating through direct or circumstantial evidence that her race was a motivating factor in the employer's adverse employment action;' or (2) relying on the burden shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213–14 (4th Cir. 2007)). Absent direct evidence, under the *McDonnell* framework, a plaintiff must first establish the elements of a prima facie case of discrimination

under Title VII. *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012).

"To survive a motion to dismiss, however, an employment discrimination claim need not establish a prima facie case." *Copes v. Johns Hopkins Univ. Applied Physics Lab'y, LLC*, No. CV RDB-23-2306, 2025 WL 19987, at *4 (D. Md. Jan 2, 2025) (citing *McCleary-Evans v. Md. DOT*, 780 F.3d 582, 584 (4th Cir. 2015)). Instead, the court's inquiry is whether Plaintiff "alleges facts that plausibly state a violation of Title VII 'above a speculative level.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020) (quoting *Coleman*, 828 F.3d at 190). "A plaintiff generally must allege (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Gaines v. Baltimore Police Dept.*, 657 F. Supp. 3d 708, 734–35 (D. Md. 2023) (quotation omitted).

Here, Plaintiff alleges four instances of discrimination: first, when Ms. Jones issued a rating of three on her annual performance evaluation; second, when Ms. Jones placed her on an "Opportunity to Perform Plan" without sufficient evidence of allegedly deficient performance or prior warning; third, when Ms. Jones temporarily refused to approve her leave request; fourth, when, between the time of her reassignment to the Office Dissemination and her retirement, Ms. Jones eroded her responsibilities and transferred them to white co-workers. (ECF No. 40 at pp. 3–5.) *See also* ECF No. 43 at p. 2 (reasserting the same four instances of discrimination).

While Plaintiff, a Black woman born in September 1944 (ECF No. 40 at ¶¶ 3(a), 8), alleges membership in protected classes and satisfactory job performance (*id*. ¶¶ 9, 10) she fails to allege adverse employment actions or facts to "support a reasonable inference" that the alleged discriminatory actions "were motivated by bias." *Copes v. Johns Hopkins Univ. Applied Physics*

*Lab'y, LLC*, No. CV RDB-23-2306, 2025 WL 19987, at *4 (D. Md. Jan 2, 2025) (citing *McCleary-Evans v. Md. DOT*, 780 F.3d 582, 586 (4th Cir. 2015)).

### A. Adverse Employment Actions

Plaintiff fails to plausibly state a violation of Title VII above a speculative level because her alleged instances of discrimination do not, as a matter of law, amount to adverse employment actions. An adverse employment action "'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011).

A poor performance review[5] is not an adverse action unless it becomes the "basis to detrimentally alter the terms or conditions of the recipient's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 377 (4th Cir. 2004), *abrogated on other grounds by Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024). "[R]eprimands and poor performance evaluations occur with some frequency in the workplace . . . [and] are much less likely to involve adverse employment actions than the transfers, discharges, or failures to promote whose impact on the terms and conditions of employment is immediate and apparent." *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 431 (4th Cir. 2015).

Plaintiff does not allege that her performance evaluation rating of three or her placement on an Opportunity to Perform Plan led to a significant change in her employment status or otherwise amounted to an adverse employment action. She makes no allegations regarding the

---

[5] Plaintiff alleges she received an "overall rating of 3" but fails to present other information about the range of ratings such that a reasonable factfinder could conclude a rating of 3 is poor or indicates job performance below a satisfactory level. Instead, Plaintiff simply alleges her comparators received higher ratings. For purposes of evaluating the Motion, however, the court will construe the pleading liberally to assert that such a rating would be considered a poor rating, as that appears to be Plaintiff's intended meaning.

consequence of the rating. Plaintiff states that she retired and clarifies that she does not allege that she was constructively terminated. (ECF No. 40 at p. 5; ECF No. 43 at pp. 2–3.) Accordingly, the performance evaluation does not amount to an adverse employment action, and Plaintiff fails to allege a violation of Title VII stemming from the rating.

Ms. Jones' initial denial, and later approval, of Plaintiff's leave request is also not an adverse employment action. Plaintiff does not allege any of the above-described significant changes in employment status resulted from this temporary denial. At most, the denial caused Plaintiff fleeting inconvenience or annoyance. "An action that merely causes an employee irritation or inconvenience, but does not affect a term, condition, or benefit of her employment, is not an adverse employment action." *Spriggs v. Public Serv. Comm'n of Md.*, 197 F. Supp. 2d 388, 393 (D. Md. 2002).

As relayed above, Plaintiff clarifies that she does not allege constructive discharge. (ECF No. 43 at pp. 2–3.) Accordingly, her allegations that her job responsibilities "were eroded" over a period of two years and "some" responsibilities "were transferred to other younger, White Caucasian co-workers" does not amount to an adverse employment action. Plaintiff does not allege that this erosion forced her to retire and a liberal construction of the facts as alleged do not support such a finding. She also makes no allegation that this erosion significantly changed her responsibilities, benefits, or other terms of her employment.

**B. Treatment Different from Similarly Situated Employees Outside the Protected Class**

With regard to Plaintiff's allegations concerning the performance evaluation rating and the temporarily denied leave request, Plaintiff avers that similarly situated white employees under age 60 were treated differently. (ECF No. 40 at ¶ 8.) As relayed above, the allegedly similarly situated employees are Patricia Martin ("White Caucasian female younger than age 60, title Social Science

Research Analyst"); Ben Pitkin ("White Caucasian Male younger than age 60, Print Specialist"); Wanda Sivak ("White Caucasian female younger than age 60, title Dissemination Print Production Specialist"); David Timmons ("White Caucasian male younger than age 60, Management Analyst"). *Id*.

"'Where a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to inference of unlawful discrimination,' the plaintiff must demonstrate that the comparator is similarly situated in all relevant respects." *Gaines*, 657 F. Supp. 3d at 735 (quoting *Swaso*, 698 F. App'x at 748). These relevant respects include "that the employees dealt with the same supervisor, [were] subject to the same standards and … engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010).

Here, as earlier mentioned, Plaintiff does not include allegations on which a reasonable conclusion could be drawn that her alleged comparators are similarly situated to her in all relevant respects. Notably, she does not allege that the alleged comparators reported to or were supervised by Ms. Jones. *See* ECF No. 40 at ¶ 16 (listing individuals that report directly to Ms. Jones and not including alleged comparators). Additionally, Plaintiff's job title was "Management and Program Analysist [sic]." *Id*. at ¶ 8(d). Plaintiff does not allege that her alleged comparators occupied the same job as she did or were subject to the same standards; and beyond their titles, she does not describe their job duties or descriptions. Moreover, Plaintiff provides no details regarding the circumstances of her alleged comparators' performance evaluations or leave requests that would allow a reasonable finder of fact to determine that Plaintiff was treated unfairly based on her protected status – or whether different or mitigating circumstances distinguished Defendant's

11

treatment of the comparators. Plaintiff thus fails to allege facts to support a reasonable inference of discriminatory animus based on treatment of alleged comparators.

As to Plaintiff's allegation that Ms. Jones placed her on an Opportunity to Perform Plan, Plaintiff merely states that Ms. Jones acted "without sufficient evidence or allegedly deficient performance or prior warning and in violation of Defendant's Personnel Policy." (ECF No. 40 at ¶ 3(b).) Plaintiff makes no allegations to plausibly connect this action to her membership in protected classes. Accordingly, here too, Plaintiff fails to lodge factual allegations sufficient to state a claim of discrimination in violation of Title VII.

Lastly, Plaintiff alleges that "[b]etween October 5, 2018 (when Plaintiff was reassigned to the Office of Dissemination, reporting to Margaret Jones) and June 2020 (when she retired), her duties as Management and Program Analysist [sic] were eroded, some of which were transferred to other younger, White Caucasian co-workers." *Id.* at ¶ 8(d). Taking this erosion and the transfer to younger, white employees as true, Plaintiff makes no factual allegation to plausibly suggest, or upon which a reasonable factfinder could conclude, that this transfer happened because of her race, age, or sex. Taking her allegations as true, liberally construing her Third Amended Complaint, and drawing all inferences in Plaintiff's favor, the court does not "deduce 'more than the mere possibility of misconduct.'" *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

## IV.  CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 41) shall be granted.

September 22, 2025

/S/
_____

                                                                              Julie R. Rubin  
                                                                              United States District Judge